UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PETER HUNSADER,

        Plaintiff,

v.                                      Case No. 8:12-CV-2080-T-27MAP

DEPUTY GREGG MELITA,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

After this Court granted summary judgment for Defendant (doc. 19) and entered a final judgment in favor of Defendant (doc. 20), Defendant now seeks entry of an order awarding costs in the amount of $1,204.61 pursuant to Fed.R.Civ.P. 54(d)(1) and Local Rule 4.18 (doc. 21).[1]  Plaintiff objects to some of the costs, asserting that the court reporter's attendance fees and the mediator's fee are not taxable and that the witness fees should be limited to $40 per witness.

Fed. R. Civ. P. 54(d) provides that costs shall be awarded as a matter of course to the prevailing party as enumerated in 28 U.S.C. §1920.  *Desisto College, Inc. v. Howey-in-the-Hills*, 718 F.Supp 906 (M.D. Fla. 1989), *aff'd mem.,* 914 F.2d 267 (11th Cir. 1990).  Section 1920 allows taxation of the following costs: (1) fees of the clerk and marshal; (2) fees of the

---

[1] A "motion" to tax costs runs counter to Rule 54(d)(1), insofar as a "motion" is a "request for a court order."  Fed.R.Civ.P. 7(b).  The proper procedure is to file a verified bill of costs with the Clerk of Court who taxes costs initially.   The Court's role is merely to review the determination of the Clerk.  *See* 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2679 (3d. Ed. 1998).  However, because Plaintiff has responded to the merits and raised objections to the motion, I find it properly before me for review.

court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under 28 U.S.C. § 1828. The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *Loranger v. Stierheim,* 10 F.3d 776, 784 (11th Cir. 1994).

Defendant seeks to tax the costs related to the depositions of Plaintiff Peter Hunsader, Defendant Gregg Melita, and Plaintiff's neighbors, Phillip Cruse and Cheryl Cruse. Plaintiff does not object to the costs of the deposition transcripts.[2] Plaintiff objects, however, to the court reporter attendance fees at the depositions of Peter Hunsader ($140.00) and the depositions of Philip and Cheryl Cruse ($140.00). The Eleventh Circuit has not specifically addressed whether a court may award costs for the court reporter's attendance at a deposition deemed "necessarily obtained for use in the case," however, both the Middle District and Southern District courts have held that the court reporter attendance fees at depositions may

---

[2] Costs for a deposition transcript are taxable when the deposition was wholly or partially "necessarily obtained for use in the case." *United States Equal Employment Opportunity Commission v. W&O, Inc.*, 213 F.3d 600, 620-621 (11th Cir. 2000). Under § 1920(2), a district court may tax costs associated with the depositions submitted by parties in support of summary judgment motions. *Id.* Here, the Defendant relied upon the depositions of Phillip and Cheryl Cruse in support of his motion for summary judgment. And, the Defendant's deposition of the Plaintiff was necessarily obtained for use in the case, particularly because Hunsader was the primary witness and his testimony was necessary to ascertain the facts of the case. *Id.* (allowing taxation of costs for deposition of parties when deposition reasonably necessary).

be taxable under § 1920(2). *See Hernandez v. Wilsonart Intern., Inc.,*, 2011 WL 7092657, *4 (M.D. Fla. 2011) (overruling plaintiff's objections to taxing costs of court reporter attendance fees at deposition of plaintiff); *Royal Palace Hotel Assoc., Inc. v. International Resort Classics, Inc.,* 178 F.R.D 595, 602 (M. D. Fla. 1998) (finding costs related to court reporter fees and transcripts taxable under §1920); *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F.Supp. 2d 1254, 1258-59 (S.D. Fla. 2013) (finding court report's attendance fee properly taxable as costs and that deposition of Plaintiff necessarily obtained for use in case as she was primary witness in case and deposition necessary to ascertain facts of case); *Rodriguez v. M.I Quality Lawn Maintenance, Inc.,* 2012 WL 664275, *4 (S.D. Fla 2012) (finding court reporter attendance fees "strictly necessary" and therefore taxable, where the deposition is necessarily obtained for use in the case, reasoning that the court reporter's fee must be paid for deposition to take place).[3]  Accordingly, I find the costs incurred for the court reporter's attendance at these depositions taxable.

Although the Plaintiff has not objected to the costs for "mini" transcripts of the depositions of Phillip and Cheryl Cruse, counsel incurred these charges for convenience only and they are not taxable. *See Rodriguez, supra,* at 4 (finding additional copy of deposition transcript obtained for convenience of counsel and not taxable). Costs for exhibits to the depositions and postage and deliver are taxable. *See George v. GTE Directories Corp.,* 114 F.Supp 2d 1281, 1298 (M.D. Fla. 2000) ("Section 1920(2) authorizes the taxation of

---

[3] Other circuit courts addressing this issue have held that court reporter attendance fees are taxable under §1920. *See Extra Equipamentos E Exportacao Ltda v. Case Corp.*, 541 F.3d 719 (7th Cir. 2008) ("Some reporters charge a separate fee for attending the trial or hearing that they make a stenographic transcript of; others roll that fee into the fee for the transcript itself. Since the reporter cannot make the transcript without attending the hearing, the separate attendance fee is properly regarded as a component of the fee for the transcript."); *Arrambide v. WalMart Stores, Inc.,* 33 Fed. Appx. 199 (6th Cir. 2002) (same).

deposition costs. Reasonable costs associated with depositions, such as postage for the mailing of transcripts, may similarly be taxed."); *Tampa Bay Water v. HDR Engineering, Inc.*, 2012 WL 5387830, *19 (M.D. Fla. 2012) (quoting 28 U.S.C. §1920(4) ("Exhibits to deposition transcripts may be taxed 'as costs of making copies of any materials, where the copies are necessarily obtained for use in the case'"). Hence, I find that $140.00 for court reporter's attendance fee at deposition of Plaintiff, $85.25 for transcript of Defendant's deposition, $6.00 for postage and handling of Defendant's deposition, $140.00 for court reporter's attendance fee at depositions of Phillip and Cheryl Cruse, $255.75 for the deposition transcripts of Phillip and Cheryl Cruse (at a rate $2.75/ page), $.60 for exhibits to Cruse depositions, and $7.00 for postage and delivery and Cruse depositions should be taxed.[4]

Mediation costs are not included in 28 U.S.C. §1920 as taxable costs. Moreover, Local Rule 9.02(f) mandates that mediation costs shall be born equally by the parties to the mediation conference. Under 28 U.S.C. §1821(b), a witness attending court or a deposition shall be paid a $40.00 attendance fee per day. Here, the Defendant seeks $41.13 per witness, and I find that $40.00 per witness is reimbursable. *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 298 (2006).

Lastly, Plaintiff recognizes that a district court may, but need not, consider a non-prevailing party's financial status as a factor in determining its award of costs. Doc. 22, p.4 citing *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000). Because Rule 54(d) provides that costs should be awarded as a matter of course, a district court needs a "sound

---

[4] $2.75/page is the rate the court reporter charges for one deposition transcript. *See* doc. 21-1.

basis" to overcome the strong presumption entitling a prevailing party to an award costs. And, any reduction in costs based upon financial indigency must be supported by "substantial documentation of a true inability to pay." *Id.* at 1039. "Even in the rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amounts of costs to be awarded, a court may not decline to award any costs at all." *Id.* Plaintiff states he "reserves the right" to present documents at a hearing concerning his personal financial status, but he has failed to timely provide any evidence regarding his inability to pay an award of costs. *See* Doc. 22, p.4; *Corwin v. Walt Disney World Co.,* 475 F.3d 1239, 1254 (11th Cir. 2007) ("[I]t is fully within the discretion of the district court to decline to review an untimely objection to costs"). Hence, this Court cannot reduce the award of costs based on Plaintiff's financial status.

Accordingly, it is hereby

RECOMMENDED:

1. Defendant's motion for costs (doc. 21) be GRANTED in part and DENIED in part, and that Defendant be awarded costs in the amount of $714.60.[5]

IT IS SO REPORTED at Tampa, Florida on this 7th day of March, 2014.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

---

[5] This amount includes $140.00 for the court reporter's attendance fee for the deposition of Peter Hunsader, $85.25 for the transcript of Peter Hunsader's deposition, $6.00 for postage and delivery of Peter Hunsader's deposition transcript, $140.00 for the court reporter's attendance fee for the depositions of Phillip and Cheryl Cruse, $255.75 for the transcript of Phillip and Cheryl Cruse's depositions, $.60 for exhibits to depositions, $7.00 for postage and delivery of Phillip and Cheryl Cruse's deposition transcripts, a $40.00 witness fee for Phillip Cruse, and a $40.00 witness fee for Cheryl Cruse.

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).